# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| ALLEN WITHERALL,<br><br>Plaintiff,<br><br>v.<br><br>DARRELL BELL, et al.,<br><br>Defendants. | CV-17-38-GF-BMM-JTJ<br><br>**ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS** |

Plaintiff Allen Witherall ("Witherall") filed his Amended Complaint on May 16, 2017. (Doc. 7). The Complaint alleges various civil rights violations against United States Marshals, employees and medical providers at Crossroads Correctional Center in Shelby, Montana, and employees and medical providers at the Yellowstone County Detention Facility in Billings, Montana. (Doc. 7.) Witherall has also filed a Motion for Preliminary Injunction (Doc. 9), and three Motions for Leave to file a supplement to his amended complaint. (Docs. 12; 14; 19.)

1

United States Magistrate Judge John Johnston issued an Order and Findings and Recommendations in this matter on November 6, 2017. (Doc. 22.) Judge Johnston recommended that the Court deny Witherall's motion for preliminary injunction. (Docs. 9; 22 at 29.) Judge Johnston recommended that Witherall's Motions to Supplement (Docs. 12; 19) be denied as futile. Judge Johnston further recommended the Court dismiss the Crossroads Correctional Center defendants and claims. (Doc. 22 at 29.) Finally, Judge Johnston recommended that the Court dismiss Witherall's claim that the United States Marshals Service impeded Witherall's access to his attorney. (Doc. 22 at 29.)

No party filed objections to Judge Johnston's Findings and Recommendations. The Court has thus reviewed the Findings and Recommendations for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

I. **Preliminary Injunction**

Preliminary injunctive relief is an "extraordinary and drastic" remedy. *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citations omitted). A party seeking a preliminary injunction must demonstrate a likelihood of success on the merits and a likelihood of irreparable harm. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008). The movant additionally must establish that the balance of equities and public interest favor issuance of the injunction. *Winter*, 555

2

U.S. at 20. A court should not grant a preliminary injunction unless the movant has carried his burden "by a clear showing." *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012).

Witherall moves for a preliminary injunction requiring defendants to provide him with specific medications. (Doc. 9 at 1-2.) Judge Johnston found that Witherall failed to meet the preliminary injunction standard because he failed to state an underlying claim regarding denial of pain medication. (Doc. 22 at 23.) As such, Witherall is unable to demonstrate a likelihood of success on the merits. The Court finds no error in Judge Johnston's recommendation to deny Witherall's motion for preliminary injunction. (Doc. 9.)

II. Claims Prohibited Under *Minneci v. Pollard*

Judge Johnston recommended that the Court deny Witherall's Motions to Supplement (Docs. 12; 19) as futile based on *Minneci v. Pollard*, 565 U.S. 118 (2012). (Doc. 22 at 30.) Judge Johnston further recommended that Witherall's claims against Crossroads Correctional Center Defendants Fender, Phipps, Crane, Pearson, Mulner, Madrid, Faque, Hodges, Hanson, Rawls, Gribble, and Unknown Crossroads Health Services Administrator be dismissed based on *Minneci*. (Doc. 22 at 30.)

A claimant ordinarily may bring an action for constitutional violations committed by federal actors in federal court under *Bivens v. Six Unknown Named*

*Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Where the claimant is a prisoner seeking damages from privately employed personnel at a privately operated federal prison for conduct "that typically falls within the scope of traditional state tort law," however, the Supreme Court has held that *Bivens* does not apply. *Minneci*, 565 U.S. at 131. The claimant must instead seek a remedy under state tort law. *Id*.

Witherall's motions to supplement seek to add claims against additional employees of Crossroads Correctional Center. Crossroads is a private correctional facility. (Doc. 22 at 4.) Witherall's claims against the above-named defendants include claims regarding provision of medical care, sleep deprivation, and unhealthy meals. Allegation of additional facts could not cure these claims of their *Minneci* defect. The Court finds no error in Judge Johnston's analysis that *Minneci* requires that the Court dismiss these claims. (Doc. 22 at 4-5.) The Court further finds no error in Judge Johnston's conclusion that Witherall's Motions to Supplement (Docs. 12; 12) should be denied as futile. (Doc. 22 at 23-24.)

### III. Access to Attorney Claim

Witherall claims that the United States Marshals Service violated his Sixth and Fourteenth Amendment rights to a fair trial, effective assistance of counsel, due process, and equal protection of the laws, by housing him more than 300 miles away from his defense counsel. Judge Johnston recommended that the Court

dismiss Witherall's claim against the United States Marshalls Service as barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). (Doc. 22 at 28-29.)

The Supreme Court in *Heck* held that plaintiff seeking damages under 42 U.S.C.A. § 1983 for unconstitutional imprisonment or other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, must prove that his conviction or sentence has been reversed, expunged, declared invalid, or called into question by a writ of habeas corpus. *Heck*, 512 U.S. at 486-87. Judge Johnston found that Witherall's conviction has not been undermined, and, therefore, *Heck* bars any claims challenging his conviction or sentence under § 1983. (Doc. 22 at 18.)

Amendment could not cure this defect in Witherall's claims. The Court finds no error in Judge Johnston's analysis and recommendation to dismiss Count 1.

The Court has reviewed the remainder of Judge Johnston's Order and Findings and Recommendations for clear error. The Court finds no error, and adopts the Findings and Recommendations in full.

ORDER

Accordingly, **IT IS ORDERED** that Magistrate Judge Johnston's Findings and Recommendations (Doc. 22) is **ADOPTED IN FULL**.

**IT IS FURTHER ORDERED** that:

Witherall's Motion for Preliminary Injunction (Doc. 9) is **DENIED**.

Witherall's Motions to Supplement (Docs. 12; 19) are **DENIED** as futile.

Witherall's claims against Crossroads Correctional Center Defendants Douglas Fender, Sarah Phipps, William Crane, William Person, Unknown Crossroads Health Services Administrator, Peter Mulner, Chief of Security Madrid, Corrections Officer Faque, Unit Manager Hodges, Nurse Hanson, Former Health and Services Administrator Rawls, and Nurse Gribble are **DISMISSED**, including his medical care claims alleged against these Crossroads Defendants raised in Count 2, his sleep deprivation claims alleged in Count 3, and his unhealthy meals claims alleged against these Defendants in Count 4.

Witherall's Count 1 claim regarding access to his attorney is **DISMISSED**.

DATED this 14th day of December, 2017.

_____
Brian Morris
United States District Court Judge